IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RED OAK ACQUISITION FUND V, LLC, ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 3-09-CV-0873-M-BD |
| EQUIPMENT ACQUISITION RESOURCES, INC., ET AL. | § § § | |
| Defendants. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Joseph M. Cox and Shana L. Burleson of the law firm of Patton Boggs LLP have filed a motion to withdraw as counsel for Plaintiffs Red Oak Acquisition Fund V, LLC ("ROAF") and Red Oak Capital ("ROC"). As grounds for their motion, Cox and Burleson state that plaintiffs have failed to pay outstanding legal fees and will not return their telephone calls, which makes effective representation impossible. Because plaintiffs did not authorize their attorneys to withdraw by signing the motion,[1] the court scheduled a hearing for November 10, 2010 at 9:00 a.m. *See* Order, 10/26/10. ROAF, a Texas limited liability company, was ordered to appear at the hearing through

---

[1] Local Rule 83.12 provides, in pertinent part:

> Th[e] motion must . . . specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.

N.D.Tex. LCivR 83.12(a).

a licensed attorney. *Id.* at 1.[2] ROC, a Texas sole proprietorship, was ordered to appear at the hearing either through its owner or through a licensed attorney. *Id.* at 1-2. In the order, plaintiffs were warned that their failure to appear at the hearing "may result in the dismissal of this case for want of prosecution." *Id.* at 2, *citing* FED. R. CIV. P. 41(b). A copy of the order was mailed by the clerk to Alan Moore, Ron Miller, and Boris Gremont -- the owners or principals of ROAF and ROC. (*See* Doc. #82). Counsel for plaintiffs also sent the order to their clients by email. Although duly notified of the hearing, no one appeared on behalf of ROAF or ROC. Nor have plaintiffs communicated with the court or their attorneys regarding their absence.

Rule 41(b) authorizes dismissal of a civil action for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiffs failed to comply with a court order requiring them to appear at a hearing on a motion to withdraw filed by their attorneys. The motion was prompted, at least in part, by plaintiffs'

---

[2] A corporation must be represented by a licensed attorney and cannot appear *pro se* through an officer or shareholder. *See Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984), *cert. denied*, 105 S.Ct. 1198 (1985); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) (same).

refusal to cooperate with counsel. Plaintiffs did not appear at the hearing after being warned that their failure to attend may result in the dismissal of this case. Although the court is unable to conclude that plaintiffs' failure to attend the hearing was the result of "purposeful delay or contumacious conduct," they plainly violated the express terms of a court order and have not provided any excuse or explanation for their absence. Nor is there any reason to believe that plaintiffs will diligently prosecute this litigation, which has been pending for 18 months, after their attorneys withdraw. Under these circumstances, the case should be dismissed without prejudice. *See Peoples v. City of Dallas*, No. 3-10-CV-0190-O, 2010 WL 1542176 at *3 (N.D. Tex. Mar. 25, 2010) ("Where a plaintiff refuses to obey lawful orders without justification or excuse, dismissal is warranted.").

## RECOMMENDATION

The motion to withdraw filed by Joseph M. Cox and Shana L. Burleson of the law firm of Patton Boggs LLP [Doc. #80] should be granted. Because plaintiffs failed to attend a hearing on the motion as ordered by the court, and have not offered an excuse or explanation for their absence, this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 10, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE